UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RAY COUCH, | No. 2:15-cv-1631 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff raises several procedural challenges to the Administrative Law Judge's decision. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On November 23, 2011, plaintiff filed applications for Child's Insurance Benefits under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI")

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 13.)

1

under Title XVI of the Act alleging disability beginning on June 1, 1985. (Transcript ("Tr.") at 14, 180-95.) Plaintiff's applications were denied initially, (id. at 104-08), and upon reconsideration. (Id. at 110-19.) Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on August 27, 2013. (Id. at 29-53.) Plaintiff was not represented at the hearing but did testify. (Id. at 29-30.)

In a decision issued on January 14, 2014, the ALJ found that plaintiff was not disabled. (Id. at 24.) The ALJ entered the following findings:

> 1. Born on January 2, 1983, the claimant had not attained age 22 as of June 1, 1985, the alleged onset date (20 CFR 404.102, 416.120(c)(4) and 404.350(a)(5)).
>
> 2. The claimant has not engaged in substantial gainful activity since June 1, 1985, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairment: borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform simple one- to two-step tasks with occasional contact with co-workers and the public.
>
> 6. At all times relevant to this decision, the claimant has been capable of performing past relevant work as a cleaner II. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 1985, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(f) and 416.920(f)).

(Id. at 16-24.)

On July 1, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's January 14, 2014 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 30, 2015. (ECF No. 1.)

2

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

////

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following nine principal errors: (1) the ALJ erred at step two of the sequential evaluation; (2) the ALJ's residual functional capacity determination was unsupported; (3) the ALJ failed to consider Listing 12.05; (4) the ALJ's treatment of the medical opinion evidence constituted error; (5) the ALJ's treatment of plaintiff's testimony constituted error; (6) the ALJ failed to consider a medical opinion; (7) the ALJ's finding that plaintiff had performed part relevant was erroneous; (8) the ALJ's finding that plaintiff could perform past relevant work was erroneous; and (9) the ALJ's decision should be reversed due to plaintiff's lack of representation at the administrative hearing.[2] (Pl.'s MSJ (ECF No. 17) at 7-17.[3])

**I.     Step Two Error**

Plaintiff asserts that the ALJ erred in finding that plaintiff's hemiparesis/paresthesia, anxiety, and asthma were not severe impairments at step two of the sequential evaluation. (Id. at 10-11.) At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking;

---

[2] The court has reordered plaintiff's arguments for purposes of clarity and efficiency.
[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

(3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153.  However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring).  "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results").  "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, with respect to plaintiff's hemiparesis/paresthesia, on April 17, 2008, plaintiff was examined by Dr. Delbert Meyer.  (Tr. at 291-95.)  Dr. Meyer's examination revealed, among other findings, that plaintiff had "no vision in his left" and "almost total field loss except for central vision on the left."  (Id. at 293.)  Dr. Meyer also found that plaintiff's motor strength was "4/5 on the left," compared to "5/5 throughout the right," with "decreased grip strength on the left compared to the right with no evidence of atrophy."  (Id. at 294.)  Further, plaintiff had a

"decreased sensory exam to touch and pinprick, on the entire left side of the body and left side of his face." (Id.) Dr. Meyer diagnosed plaintiff as suffering from "[l]eft hemiparesis and left hemihypesthesia." (Id.)

With respect to plaintiff's anxiety, plaintiff's treatment records reveal that plaintiff was repeatedly diagnosed as suffering from anxiety and treated with medication. (Id. at 494, 508, 515.) Plaintiff testified that he "can't be around people" because he is "very anxious." (Id. at 41.) Plaintiff also testified that he had recently been "put . . . on Xanax bars."[4] (Id. at 37.) Plaintiff's medical records also reveal that he was repeatedly diagnosed as suffering from asthma—resulting in occasional hospitalization—and treated for that condition with medications. (Id. at 303, 309-16, 341-45, 394, 431-32, 440, 444, 515.)

As noted above, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when that conclusion is "clearly established by medical evidence." Webb, 433 F.3d at 687. Here, it simply cannot be said that the ALJ's conclusion that plaintiff's hemiparesis/paresthesia, anxiety, and asthma were not medically severe impairments was clearly established by medical evidence. See Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical impairment that would permit us to affirm a finding of no disability at step two."); Webb, 433 F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health during the relevant period, it includes evidence of problems sufficient to pass the de minimis threshold of step two."); Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014) ("On review, the court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Ms. Russell did not have a medically severe impairment or combination of impairments."); cf. Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of establishing disability.").

////

---

[4] "Xanax is used in the treatment of anxiety and panic disorders." Dailey v. Astrue, No. CV 07-5508-PLA, 2009 WL 1451794, at *4 fn. 7 (C.D. Cal. May 22, 2009)

Nor can it be said that the ALJ's error was harmless. See Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) ("We recognize harmless error applies in the Social Security context."). In this regard, not only did the ALJ fail to find plaintiff's hemiparesis/paresthesia and anxiety were severe impairments at step two, the ALJ also failed to adequately discuss those impairments later in the sequential evaluation. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (any step two error was harmless where "ALJ extensively discussed" condition "at Step 4 of the analysis"); cf. Martinez v. Astrue, 630 F.3d 693, 698-99 (7th Cir. 2011) ("It is one thing to have a bad knee; it is another thing to have a bad knee supporting a body mass index in excess of 40. We repeat our earlier reminder that an applicant's disabilities must be considered in the aggregate.").

The ALJ's decision did, however, discuss plaintiff's asthma at step two. In this regard, the ALJ acknowledged that plaintiff had been diagnosed and treated for asthma. (Tr. at 17.) The ALJ found, however, that plaintiff had received infrequent treatment for his asthma, smoked marijuana—possibly exacerbating his asthma—that testing and examinations revealed no significant findings, and that treating sources reported his asthma as improved and resolved. (Id.)

The question before the ALJ, however, was whether plaintiff's asthma was a severe impairment from June 1, 1985, the alleged onset date, through January 14, 2014, the date of the opinion, for at least a continuous 12-month period. See Yuckert, 482 U.S. at 140. As reflected in the evidence cited above, plaintiff's asthma significantly limited his ability to do work activities for at least a 12-month period during this time. In this regard, plaintiff's shortness of breath resulted in visits to the Emergency Room on April 28, 1999, April 7, 2000, April 30, 2001, May 19, 2006, April 9, 2008, and April 30, 2013. (Id. at 322, 341, 431, 440, 444, 515.) Dr. H. Jone, a nonexamining physician, opined on March 2, 2012, that plaintiff's suffered from asthma and, therefore, must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc.[5]

---

[5] The ALJ afforded this portion of Dr. Jone's opinion "little weight" because the ALJ found it was "based upon the claimant's subjective complaints and the claimant's asthma was determined to be non-severe . . . ." (Tr. at 21.) Dr. Jone's opinion, however, reflects that it is based on a review of plaintiff's medical records, his history of asthma, and that plaintiff was prescribed an asthma inhaler. (Id. at 62, 78.)

7

(Id. at 20, 62.)  In this regard, the ALJ's finding that plaintiff's asthma was not a severe impairment is not clearly established by medical evidence.

Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to his claim that the ALJ erred by failing to find at step two of the sequential evaluation that plaintiff's hemiparesis/paresthesia, anxiety, and asthma constituted severe impairments.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.[6]  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the uncertain and ambiguous record—which includes the ALJ's error at step

---

[6] "In light of the remand required by the ALJ's error at step two of the sequential evaluation, the court need not address plaintiff's remaining claims." Meinecke v. Colvin, No. 2:14-cv-2210 AC (TEMP), 2016 WL 995515, at *4 (E.D. Cal. Mar. 14, 2016); see also Sanchez v. Apfel, 85 F.Supp.2d 986, 993 n. 10 (C.D. Cal. 2000) ("Having concluded that a remand is appropriate because the ALJ erred in ending the sequential evaluation at Step Two, this Court need not consider the issue of plaintiff's credibility.").

two of the sequential evaluation, conflicting medical opinions, and evidence that plaintiff was a malinger—the court cannot say that "further administrative proceedings would serve no useful purpose."[7] <u>Dominguez</u>, 808 F.3d at 407; <u>see also</u> <u>Treichler</u>, 775 F.3d at 1103-04 ("In evaluating this issue, we consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 26) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated:  March 7, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\couch1631.ord

---

[7] Although the court did not address plaintiff's remaining claims, the court did examine and consider those claims in reaching this determination.

9